UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
|     ROBERT F. GUSTIN, JR. | ) | Chapter 13 |
|     ELIZABETH A. DORIS-GUSTIN | ) | |
| | ) | |
|     Debtors. | ) | Case No. 10-21416-JNF |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, *IN REM*, WITH REGARD TO THE PROPERTY LOCATED AT 8 WALKER LANE, DEDHAM, MASSACHUSETTS**

NOW COMES Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 (the "Movant"), by and through its attorneys, and moves for the entry of an order granting it relief from the automatic stay, *in rem,* with respect to the property located at 8 Walker Lane, Dedham, Massachusetts, pursuant to 11 U.S.C. 362(d), Bankruptcy Rules 4001 and 9014 and MLBR 4001-1. In support thereof, the Movant respectfully states as follows:

## I.   JURISDICTION

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334.  This case is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   RELEVANT FACTS

2. On September 23, 2005, Robert F. Gustin, Jr. and Elizabeth A. Doris-Gustin ("Debtors") granted to H&R Block Mortgage Corporation a mortgage on certain real estate, as recorded with the Norfolk County Registry District of the Land Court ("Registry") as Instrument No. 1081221, Certificate of Title No. 125893 ("Mortgage").  A copy of the Mortgage is attached as Exhibit A.  The Mortgage encumbers the property located at 8 Walker Lane, Dedham, Massachusetts ("Property"), and secures a note given by the Debtors to H&R Block Mortgage

1

Corporation in the amount of $287,000.00 on that same date (the "Note"). A copy of the Note is attached as <u>Exhibit B</u>. Reference is made to assignments of the Mortgage to Option One Mortgage Corporation, as evidenced by the assignment recorded with the Registry as Instrument No. 1122231, and to the Movant, as evidenced by assignment recorded with the Registry as Instrument No. 1122232. A copy of the assignments are attached as <u>Exhibit C</u> and <u>Exhibit D</u>.

3.  On October 20, 2010, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for District of Massachusetts. The Debtors have also filed the following seven (7) previous bankruptcy filings:

(a) Case No. 94-14738 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on July 18, 1994 in the United States Bankruptcy Court for the District of Massachusetts. The case was dismissed on the motion by the United States Trustee on March 17, 1995.

(b) Case No. 95-15728 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on August 23, 1995 in the United States Bankruptcy Court for the District of Massachusetts. The Debtors voluntarily dismissed the case on November 6, 1995.

(c) Case No. 97-13355 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on April 10, 1997 in the United States Bankruptcy Court for the District of Massachusetts. The case was dismissed on the motion by the chapter 13 Trustee on March 31, 1998.

(d) Case No. 98-16195 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on June 23, 1998 in the United States Bankruptcy Court for the District of Massachusetts. The case was dismissed by the Court on July 15, 1998 for the failure to file required documents.

(e) Case No. 99-11127 filed by the Debtors as a Chapter 13 bankruptcy on February 11, 1999 in the United States Bankruptcy Court for the District of Massachusetts. The case was dismissed on the motion by the chapter 13 Trustee on July 12, 2000.

(f) Case No. 04-11099 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on February 13, 2004 in the United States Bankruptcy Court for the District of Massachusetts. The Debtors voluntarily dismissed the case on June 13, 2004.

(g) Case No. 07-15350 filed by the Debtors *pro se* as a Chapter 13 bankruptcy on August 24, 2007 in the United States Bankruptcy Court for the District of Massachusetts. The case was dismissed on the motion by the chapter 13 Trustee on November 29, 2007.

4.   As of the date of the filing of the instant case on October 20, 2010, the loan secured by the Mortgage was contractually due for the August 2006 payment, for a pre-petition arrearage of $168,705.93, broken down as follows:

| | |
|---|---|
| 51 monthly payments, August 2006 – October 2010:<br>  3 payments (8/06 – 10/06) @ $2,477.85<br>  12 payments (11/06 – 10/07) @ $2,672.40<br>  6 payments (11/07 – 4/08) @ $3,280.53<br>  6 payments (5/08 – 10/08) @ $3,073.45<br>  6 payments (11/08 – 4/09) @ $3,048.11<br>  6 payments (5/09 – 10/09) @ $2,850.16<br>  12 payments (11/09 – 10/10) @ $2,683.40 | $145,216.65 |
| Escrow shortage | $11,215.98 |
| Accrued late charges | $1,132.59 |
| Miscellaneous expenses ($7,223.21 foreclosure costs, $2,420.00 foreclosure fees, $500.00 previous bankruptcy fees, $302.50 inspection fees, $660.00 appraisal fees, $35.00 property preservation fees) | $11,140.73 |
| TOTAL | $168,705.93 |

5.   The approximate contractual amount due under the Mortgage and Note as of November 4, 2010 was $436,740.88, broken down as follows:

| | |
|---|---|
| Principal balance | $285,118.96 |
| Interest through 11/4/10 | $113,236.06 |
| Escrow advance | $26,112.56 |
| Accrued late charges | $1,132.59 |
| Miscellaneous expenses and fees | $11,140.71 |
| TOTAL | $436,740.88 |

3

6.  Upon information and belief, in addition to the Movant's lien, there may exist amounts due to the Town of Dedham on account of unpaid real estate taxes.

7.  Upon information and belief, Robert F. Gustin, Jr. previously caused to be filed a Declaration of Homestead dated August 1, 2007 and recorded with the Registry as Instrument No. 11348871.

8.  Based on the Debtor's Schedule A, the fair market value of the Property is presently $350,000.00.

9.  On the Debtors' Schedule I filed in this case, the Debtors disclose monthly income in the amount of $1,615.00 for the Debtor and $1,352.00 for the joint Debtor (although it also indicates that she is unemployed), for a total of $2,967.00 monthly. On the Debtors' Schedule J, they disclose that total income is $1,615.00, and that expenses are $1,105.00. No amount is allocated for a rent or home mortgage payment, homeowner's insurance or real estate taxes.

10. The Debtors' plan filed in this case treats the claim secured by the Mortgage and Note as unsecured, and provides for 36 payments in the amount of $432.50 with a 4.87% dividend to unsecured creditors.

### III.  RELIEF REQUESTED

The Movant respectfully seeks the entry of an order granting it relief from the automatic stay, *in rem*, on the following grounds:

11. The Movant submits that it is entitled to relief from the automatic stay for cause, pursuant to 11 U.S.C. § 362(d)(1), based on the fact that the plan does not propose to pay the claim secured by the Mortgage and Note, and it appears unlikely that the Debtors will be able to effectuate such a plan based upon their income and expenses. The Movant's interest in the

4

Property is not adequately protected as the loan is contractually due for the August 2006 payment

12.  The Movant submits that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Property above the liens and it is not necessary for an effective reorganization.

13.  The Movant further submits that it is entitled to relief *in rem* with regard to the Property, as this case was filed in bad faith. Courts in this district have measured against a 14-factor test. *In re Thane Development Associates L.P.*, 143 B.R. 310, 312 (Bankr. D. Mass. 1992) (citing *In re Village Green Realty Trust*, 113 B.R. 105, 115 (Bankr. D. Mass. 1990)). Of those factors, the following are applicable to the present case:

   a.  *The debtor has few or no unsecured creditors.* The Debtor's schedules reflect that the only creditor is that of the Movant's Mortgage as a disputed unsecured claim in the amount of $287,000.00.

   b.  *There has been a previous bankruptcy petition by the debtor or a related entity.* This is the eighth chapter 13 bankruptcy case involving this Property since 1994, none of those which have resulted a discharge.

   c.  *The pre-petition conduct of the debtor has been improper.* The instant case was filed for the apparent sole purpose of stalling pending foreclosure proceedings against the Debtor.

   d.  *There are few debts to non-moving creditors.* See 13.a. above.

   e.  *The petition was filed on the eve of foreclosure.*

   f.  *There is no possibility of reorganization.* The Debtors' income appears insufficient to service a home payment and does not propose to pay the debt secured by the Mortgage and Note, which is the only scheduled debt in the case.

   g.  *The debtor's income is not sufficient to operate.* See 13.f. above.

   h.  *Reorganization essentially involves the resolution of a two party dispute.* While reorganization is not in prospect, it appears the instant case was solely filed with respect to the claim of the Movant, while they continues to reside in the Property without making payments.

5

    i. The debtor filed solely to create the automatic stay.  See 13.c., 13.f. and 13.h. above.

14. Based upon the foregoing, the Movant respectfully requests that the Court enter an order granting it *in rem* relief with respect to the Property.

WHEREFORE, the Movant prays that:

A. The Movant, its servicing agent, and its successors and/or assigns, be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) *in rem,* and leave to foreclose the Mortgage, allowing the Movant, its servicing agent, its successors or assigns to foreclose the Mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtors, their heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property; and

B. The Court order such other and further relief as it may deem just and proper.

            Respectfully submitted,

            Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4

            By its attorneys,

            ABLITT SCOFIELD, P.C.

Dated:  December 10, 2010      /s/ Jeana Kim Reinbold
            Jeana Kim Reinbold
            BBO #665173
            304 Cambridge Road
            Woburn, Massachusetts 01801
            781-246-8995 ext. 250
            jreinbold@acdlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served a copy of the MOTION FOR RELIEF FROM THE AUTOMATIC STAY, *IN REM*, WITH REGARD TO THE PROPERTY LOCATED AT 8 WALKER LANE, DEDHAM, MASSACHUSETTS , by mailing a copy first-class, postage prepaid, or by serving a copy electronically via CM/ECF, this day.

DATE: December 10, 2010                                      /s/ Jeana Kim Reinbold
                                                                                      Jeana Kim Reinbold

By CM/ECF:

- Carolyn Bankowski-13    13trustee@ch13boston.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

By First Class Mail:

Elizabeth A. Doris-Gustin
8 Walker Ln.
Dedham, MA 02026

Robert F. Gustin
8 Walker Ln.
Dedham, MA 02026

Town of Dedham Tax Collector
26 Bryant Street
Dedham, MA 02026

American Home Mortgage Servicing, Inc.
1525 S. Beltline Road, Suite 100 N
Coppell, TX 75019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                         )
    ROBERT F. GUSTIN, JR.            )         Chapter 13
    ELIZABETH A. DORIS-GUSTIN    )
                                               )
           Debtors.                       )         Case No. 10-21416-JNF

ORDER GRANTING DEUTSCHE BANK RELIEF FROM THE AUTOMATIC STAY, *IN REM,* WITH REGARD TO THE PROPERTY LOCATED AT 8 WALKER LANE, <u>DEDHAM, MASSACHUSETTS</u>

     This case having come before me upon the request of Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 ("Deutsche Bank") for *in rem* relief from the automatic stay with regard to the property located at 8 Walker Lane, Dedham, Massachusetts (the "Property"), after due notice and hearing, it is hereby ordered that:

     The Court grants Deutsche Bank, its successors and assigns, *in rem* relief from the automatic stay for the purposes of foreclosing the mortgage encumbering the Property as recorded with the Norfolk County Registry District of the Land Court as Instrument No. 1081221, Certificate of Title No. 125893, by entry and by exercise of the power of sale contained in said mortgage (including, at its sole option, accepting a deed-in-lieu of foreclosure from the present or future owner(s) of the Property) and for the purpose of prosecuting one or more summary process actions against the Debtors and/or other persons who now occupy or come to occupy the Property, *with such in rem relief to remain in full force and effect for a period of two (2) years from the date of this order and to be unaffected by any subsequent bankruptcy petition that might be filed by the Debtor, or any other beneficiary whether known or unknown, or any other current or future owner(s) or occupant(s) of the Property or by any combination of the foregoing parties within such two (2) year period.*

DATE:                                                                                       _____
                                                                                      United States Bankruptcy Judge